

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs.   § | Criminal Action No.: 3:23-881-MGL-2 |
| § | |
| JOEL JEREMIAH WILLIAMS, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS
AND GRANTING DEFENDANT'S MOTION TO COMPEL**

### I.    INTRODUCTION

Pending before the Court are Defendant Joel Jeremiah Williams's (Williams) motion to dismiss the charges against him as unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and his motion to compel production of certain materials.

Having considered the motions, the responses, the reply, the supplements, the record, and the applicable law, it is the judgment of the Court Williams's motion to dismiss will be denied, and his motion to compel will be granted.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

On two separate occasions, law enforcement arranged a controlled purchase of firearms from Williams using a confidential informant (CI) with the West Columbia Police Department

(WCPD). Equipped with a recording device that captured both video and audio, the CI met Williams in person to complete the transactions.

Williams was thereafter indicted for knowingly possessing firearms and ammunition having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime, in violation of 18 U.S.C. §§ 922(g)(1) (Section 922(g)(1)), 924(a)(8), and 924(a)(2), and aiding and abetting the same.

Williams then moved to dismiss his charges, claiming Section 922(g)(1) is unconstitutional as applied to him. The government opposed the motion, upon which Williams filed a supplemental memorandum, and the government responded.

Williams later filed a motion to compel the government to produce and allow him to copy any video recordings of the controlled purchases, any recorded telephone conversations between himself and the CI, and the CI's informant package with the WCPD. The government opposed the motion, and Williams replied.

Having been fully briefed on the relevant issues, the Court determines oral argument is unnecessary and is now prepared to adjudicate the motions.

### III.	MOTION TO DISMISS

Under Federal Rule of Criminal Procedure 12(b), the Court should dismiss criminal charges in an indictment "where there is an infirmity of law in the prosecution[,]" such as an unconstitutional statute. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (quoting *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010)).

The Second Amendment to the United States Constitution provides "[a] well[-]regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.

In *Bruen*, the Supreme Court explained the standard for assessing Second Amendment claims as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

597 U.S. at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)).

Williams argues Section 922(g)(1) is unconstitutional because the firearms and ammunition described in the indictment are protected by the plain text of the Second Amendment and because the government is unable to show Section 922(g)(1), as applied to him, is consistent with the Nation's tradition of firearms regulation.

The government, on the other hand, maintains the Second Amendment's protections fail to extend to the possession of firearms by convicted felons.  Even assuming the Second Amendment's protections so extend, however, the government maintains Section 922(g)(1) comports with the Nation's historical tradition of firearm regulation and is therefore constitutional under *Bruen*.

The Court will first take a brief look at Second Amendment jurisprudence prior to *Bruen*.

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court recognized the Second Amendment protects the right of law-abiding citizens to possess a handgun in their home for lawful purposes, such as self-defense.  The majority recognized in dicta, however, "the right secured by the Second Amendment is not unlimited[.]" *Id.* at 626.  In other words, "the right [is]

not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.*

Thereafter, in *United States v. Moore*, 666 F.3d 313, 317–18 (4th Cir. 2012), the Fourth Circuit rejected an as-applied challenge to Section 922(g)(1) based on the *Heller* Court's statements that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" and that restrictions on felons possessing firearms were "presumptively lawful regulatory measures." *Heller*, 554 U.S. at 626, 627 n.26. Critically, "*Moore* left open left open the 'possibility' that some hypothetical challenger could 'rebut the presumptive lawfulness of [Section] 922(g)(1) as applied' to that person." *United States v. Hunt*, No. 22-4525, 2024 WL 5149611, at *3 (4th Cir. Dec. 18, 2024) (quoting *Moore*, 666 F.3d at 320).

The Fourth Circuit's subsequent decisions, however, "repeatedly rejected such challenges, including those brought by 'allegedly non-violent felons.'" *Id.* (quoting *United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012)). Indeed, the Fourth Circuit has "ultimately held a felon cannot be returned to the category of law-abiding, responsible citizens for the purposes of the Second Amendment . . . unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful[.]" *Id.* (internal quotation marks omitted) (quoting *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)).

In *Bruen*, the Supreme Court "'did not mention felons or [S]ection 922(g)(1),' and it described its holding as 'consistent with' and '[i]n keeping with' *Heller*." *Hunt*, 2024 WL 5149611, at *4 (first quoting *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024); and then quoting *Bruen*, 597 U.S. at 10, 17). !!"And most recently, in [*United States v.*] *Rahimi*, the [Supreme] Court reiterated *Heller*'s pronouncement that prohibitions, like those on the possession of firearms by felons and the mentally ill, are presumptively lawful." *Id.* (internal quotation marks

4

omitted) (quoting *United States v. Rahimi*, 602 U.S. 680, 682 (2024)).  Considering this precedent, the Fourth Circuit has therefore determined "*Bruen* and *Rahimi* . . . provide no basis . . . to depart from [its] previous rejection of the need for any case-by-case inquiry about whether a felon may be barred from possessing firearms." *Id.*  In other words, "neither *Bruen* nor *Rahimi* abrogates [the Fourth Circuit]'s precedent foreclosing as-applied challenges to Section 922(g)(1) and those decisions thus remain binding." *Id.* at *3.

Based on the foregoing precedent and the *Bruen* Court's focus on the Second Amendment rights of "law-abiding" citizens, 597 U.S. at 31, the Court is convinced Section 922(g)(1) fails to infringe on Williams's Second Amendment rights.  The Court will therefore deny Williams's motion to dismiss and proceed to consider his motion to compel.

### IV.    MOTION TO COMPEL

"Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph [certain discovery item] within [its] possession, custody, or control" if such items are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).  "At any time[,] the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16 (d)(1).

"[E]vidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Caro*, 587 F.3d 608, 621 (4th Cir. 2010) (alteration in original) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).  In other words, evidence is material if it enables the defendant to "significantly alter the quantum of proof in his favor." *Id.* (internal quotation marks omitted).

5

As explained above, Williams has moved for the government to produce and allow him to copy any video recordings of the controlled purchases, any recorded telephone conversations between himself and the CI, and the CI's informant package with the WCPD. Williams argues these items are material to preparing his defense and are thus discoverable.

The government opposes Williams's motion. First, the government maintains the disputed telephone conversations were unrecorded. Then, turning to the video recordings, the government argues their disclosure "would endanger the safety of [the CI] and unnecessarily place [the CI] at risk of bodily harm." Government's Response at 1. In support, the government recounts the following observations from Special Agent Joseph Bode (Bode):

- Upon information and belief, Williams and his codefendant, Jordan Waden, are part of a criminal network involved in committing robberies and stealing guns.

- Based on law enforcement intelligence, Williams is a member of the bloods street gang. While he is not a validated member, Williams has tattoos indicating that he is a member and he associates with known blood gang members.

- Williams suffers from mental health issues as evidenced by his evaluations at the Bureau of Prisons . . . and his current placement at Morris village as a condition of his bond. Williams has violent tend[encies] when [he] is not taking his prescribed medications that . . . Bode has personally witnessed when interacting with . . . Williams.

*Id.* at 2. The government does, however, state it is willing to either make copies of the video recordings for defense counsel to inspect or provide Williams with redacted copies of the recordings. Although the government failed to directly address Williams's request for the informant package, the Court presumes the government would propound that similar safety concerns justify nondisclosure.

In reply, Williams maintains the Court should direct the government to produce unredacted recordings and the informant package given the controlled purchases were allegedly face-to-face

6

transactions, considering his compliance with the bond condition mandating he avoid contact with all witnesses, and in light of provisions concerning "Restricted Materials" in the Court's Standing Order Governing Discovery.  Without evaluating these materials, Williams insists he is unable to make a knowing, intelligent, and voluntary decision as to whether to proceed to trial.

Because the telephone conversations between Williams and the CI were unrecorded, the Court will address only the video recordings and informant package.

Although the government fails to describe the video recordings in detail, its response indicates the CI can be visually seen and audibly heard in the recordings.  Therefore, the Court must apply the balancing test set forth by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53 (1957).  This test "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 628–29.  Whether disclosure is required "depend[s] on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 629.

Elaborating on the *Roviaro* test, the Fourth Circuit has explained "where the informant is an actual participant, and thus a witness to material and relevant events, fundamental fairness dictates that the accused have access to him as a potential witness.  In such instances disclosure of identity should be required." *McLawhorn v. North Carolina*, 484 F.2d 1, 5 (4th Cir. 1973).

Here, Williams is charged with being a felon in possession of firearms and ammunition and aiding and abetting.  These charges stem exclusively from two controlled purchases arranged and personally completed by the CI in Williams's home.  The Court thus determines the CI was "an actual participant" in the offenses and is "thus a witness to material and relevant events[.]" *Id.* Accordingly, the Court concludes disclosure of the video recordings and informant package is not

7

only necessary but also required. Indeed, Williams is unable to make a knowing, voluntary, and intelligent decision on whether to plead guilty without the benefit of reviewing the evidence serving as the basis of the charges against him.

The government advances Special Agent Bode's observations as its basis for withholding the recordings and, presumably, the informant package. But, the government's failure to provide an affidavit or declaration supporting the veracity of these observations, as well as its failure to specify the details supporting such observations, is insufficient to overcome the materiality of the recordings and informant package.

Even still, the Court acknowledges the inherent safety risks presented by the disclosure of a CI's identity, particularly in the context of a crime involving firearms and a defendant who is purportedly affiliated with a gang. Therefore, the Court instructs the government to mark the recordings and informant package as "Restricted Materials." In accordance with the Court's Standing Order Governing Discovery in this case, defense counsel is reminded he "shall not provide to his . . . client or any other person, copies of 'Restricted Materials' . . . without the express permission of the [g]overnment or further order of this [C]ourt." Standing Order ¶ 3; *see also id.* ¶ 4 (explaining materials that raise a security or privacy concern are subject to the provisions of paragraph 3).

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Williams's motion to dismiss, ECF Nos. 117 and 154, is **DENIED**, and his motion to compel, ECF No. 127, is **GRANTED** as set forth above.

**IT IS SO ORDERED.**

Signed this 8th day of January 2025, in Columbia, South Carolina.

                                                                s/ Mary Geiger Lewis
                                                                MARY GEIGER LEWIS
                                                                UNITED STATES DISTRICT JUDGE